# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3442 | **DATE** | 7/22/2011 |
| **CASE TITLE** | United States of America ex rel. Christopher Scott (R31806) vs. Warden David Rednour | | |

## DOCKET ENTRY TEXT

Petitioner's motion for appointment of counsel (Dkt. No. 4), is denied as premature.  Petitioner's motion to stay these proceedings (Dkt. No. 6), is denied without prejudice.  Petitioner is granted 30 days to file a renewed stay motion detailing the claims that he wishes to exhaust in a successive state PC proceeding, and submit an amended habeas corpus petition that includes both his unexhausted and exhausted claims. Should petitioner fail to comply with this order or otherwise communicate with the Court, the Court will assume that petitioner wishes to proceed only on the exhausted claims presented in the present habeas corpus petition and will proceed accordingly.  The Clerk is directed to send the petitioner an amended habeas form and instructions for filing along with a copy of this order.

■[ For further details see text below.]                                                      Docketing to mail notices.

## STATEMENT

     Petitioner Christopher Scott (IDOC Number R31806), an inmate at the Menard Correctional Center in the custody of respondent David Rednour, has brought a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his murder, robbery and burglary convictions from the Circuit Court of Will County, Illinois. (Dkt. No. 1).  Petitioner has paid the five dollar filing fee.  (Dkt. No. 8).  Pending before the Court are petitioner's motion for appointment of counsel (Dkt. No. 4), motion to stay these proceedings (Dkt. No. 6), and an initial review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

     Petitioner's motion for appointment of counsel (Dkt. No. 4), is denied as premature.  Counsel is traditionally appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if the interests of justice require.  *See* Rule 8(c), Rules Governing Section 2254 Cases.  The Court must first consider the response to the habeas corpus petition before determining whether counsel is necessary.

     Turning to the initial review of the habeas corpus petition and the associated stay motion, Rule 4 requires this Court to examine the petition and supporting exhibits, and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief.  If the petition is not dismissed, then the Court orders respondent to answer or otherwise respond to the petition.

     According to the habeas corpus petition, petitioner brought a direct appeal to the Appellate Court of Illinois, Third District challenging the denial of his motion to suppress his confession based on mental and physical coercion.  *Illinois v. Scott*, No. 3-04-0599 (Ill. App. Ct.); (Dkt. No. 1 at 3).  The appellate court affirmed and his Petition for Leave to Appeal (PLA) was denied by the Supreme Court of Illinois.  *Illinois v.*

*Scott*, No. 105548 (Ill. Jan. 30, 2008); (Dkt. No. 1 at 3). In July 2008, petitioner filed a postconviction petition (PC) in the Will Count Circuit Court pursuant to Illinois's Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq*. (Dkt. No. 1 at 4). Petitioner claims that he originally had seven issues for his PC proceeding, but his counsel only presented two claims: actual innocence and ineffective assistance of counsel. (*Id*.). The PC petition was denied, the appellate court affirmed, *Illinois v. Smith*, No. 3-08-0799 (Ill. App. Ct.), and the Illinois Supreme Court denied his PLA. *Illinois v. Smith*, No. 111010 (Ill. Nov. 24, 2010); (Dkt. No. 1 at 4). Petitioner's present habeas corpus petition raises five claims but they can be summarized as ineffective assistance of counsel, actual innocence, and a coerced confession claims. These claims were all presented to the state courts either on direct appeal or the first PC review.

Petitioner has also filed a motion to stay these proceedings. (Dkt. No. 6). He claims that he wants to bring a successive PC petition in Will County raising the five claims that his counsel omitted from his original PC petition. (*Id*.). Petitioner does not discuss the nature of these successive PC claims, and does not include them in his federal habeas corpus petition. (As explained above, all of petitioner's habeas corpus claims were presented to the state courts either on direct appeal or in his first PC).

Petitioner is not automatically entitled to a stay of his habeas corpus proceedings. A stay undermines the State's interest in the finality of petitioner's conviction as protected by the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Rhines v. Weber*, 544 U.S. 269, 276 (2005); *see generally Nken v. Holder*, 129 S. Ct. 1749, 1760-61 (2009) (explaining that there is no right to stay, but instead it is an "exercise of judicial discretion" based on the "circumstances of the particular case" with the party seeking the stay bearing the burden to show it is necessary). To obtain a stay in the habeas context, a prisoner must demonstrate "good cause" for his failure to raise claims in the state court in the first instance, the unexhausted claims are not "plainly meritless," and he has not engaged in intentional dilatory litigation tactics. *Id*. at 277-78; *see also Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008); *Arrieta v. Battaglia*, 461 F.3d 861, 866 (7th Cir. 2006); *Dolis v. Chambers*, 454 F.3d 721, 724-25 (7th Cir. 2006).

*Rhines* addressed the stay of a "mixed petition" — a habeas petition that contained claims that been presented to the state courts in the first instance with others that had not. *Rhines* instructed that a district court could stay a mixed petition so that the prisoner could return to state court to raise the unexhausted claims without any concern that his federal habeas petition would later be found to be untimely. 544 U.S. at 275. The stay effectively "protects" the prisoner by insuring that he can both exhaust his claims while still complying with the statute of limitations. *Pace v. DiGglielmo*, 544 U.S. 408, 416 (2005).

Petitioner, however, does not present any unexhausted claims in his present federal habeas corpus petition. The petition states that all claims were litigated on direct appeal or in the PC proceeding. The Court recognizes that petitioner is hoping to litigate claims in a successive PC proceeding, but he has failed to explain what these potential claims might be and he has not included them in his present habeas corpus petition. Without knowing these potential claims, the Court cannot perform the required *Rhines* stay analysis of determining whether petitioner has good cause for failing to present the claims in the first instance, whether these claims potentially have merit, and whether petitioner has engaged in intentional dilatory litigation tactics.

Consequently, the Court denies petitioner's motion to stay these proceedings (Dkt. No. 6), without prejudice. Petitioner is granted 30 days to file a renew stay motion detailing the claims that he wishes to exhaust in a successive state PC proceeding, and submit an amended habeas corpus petition including these unexhausted claims in addition to the exhausted claims already set forth in his present petition.

## STATEMENT

The amended petition must be on the forms required under Local Rule 81.3(a) of this Court. The petitioner must write both the case number and the Judge's name on the amended petition and return it to the Prisoner Correspondent. As with every document filed with the Court, the petitioner must include the original plus a Judge's copy, and he must also provide a copy of every document filed to Chief, Criminal Appeals Division, Office of the Illinois Attorney General, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every copy must include a complete set of any exhibits attached to the original amended petition.

The amended petition replaces or supersedes the original petition. In other words, after the petitioner files an amended petition, the Court will no longer consider the original petition. Thus, claims contained in the original petition will not be considered if they are not included in the amended petition. Furthermore, inmates generally have only one opportunity to seek federal habeas review. *See* 28 U.S.C. § 2244(b). Therefore, petitioner should fill out his amended petition carefully and completely, including any and all grounds he wants the Court to consider in determining the validity of his conviction.

The Clerk is directed to send the petitioner an amended habeas form and instructions for filing along with a copy of this order. Should petitioner fail to submit a renewed stay motion and amended habeas corpus petition within 30 days or otherwise communicate with the Court, the Court will assume that petitioner wishes to proceed only on the claims presented in the present habeas corpus petition and will proceed accordingly.

Finally, on the Court's own motion, respondent Illinois Attorney General Lisa Madigan is dismissed as a respondent. *See Bridges v. Chambers*, 425 F.3d 1048, 1049-50 (7th Cir. 2005) (proper respondent is prison warden where petitioner is incarcerated); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. Petitioner is only challenging his present confinement so his custodian Warden David Rednour is the proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).