IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. )<br>CHRISTOPHER SCOTT, )<br>)<br>        Petitioner, )<br>   v. )<br>)<br>MIKE ATCHISON,[1] Warden, )<br>Menard Correctional Center, )<br>)<br>        Respondent. ) | No. 11 C 3442<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Petitioner Christopher Scott, an inmate incarcerated at Menard Correctional Center, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has also filed motions for appointment of counsel and to subpoena documents. For the following reasons, the motion for appointment of counsel, the motion to subpoena documents, and the § 2254 petition are denied, and the court declines to issue a certificate of appealability.

## BACKGROUND

Petitioner was indicted for first-degree murder, armed robbery, and residential burglary in Will County, Illinois. The Circuit Court of Will County denied petitioner's motion to suppress his oral and videotaped confessions, and after a stipulated bench trial,[2] petitioner was convicted of the three offenses and was sentenced to 69 years' imprisonment. The evidence presented at trial established that on August 31, 2000, petitioner murdered Delores Bland by

---

[1] Mike Atchison has replaced Dave Rednour as the warden at Menard Correctional Center and is hereby substituted as respondent. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

[2] At a stipulated bench trial, the parties' evidence is presented solely through stipulations. See People v. Horton, 570 N.E.2d 320, 325 (Ill. 1991).

firing a .38 caliber revolver into the back of her head while petitioner, his cousin Ian Lockhart, and Lockhart's brother-in-law Keith Bland Jr. (who was also Delores's stepson) were robbing her home. Lockhart and Bland were each tried separately and were both convicted of the same offenses as petitioner.

Petitioner appealed, challenging the trial court's denial of his motion to suppress his confessions on the grounds that the police officers who interviewed him had physically abused him. The Illinois Appellate Court affirmed. Order, People v. Scott, No. 3-04-0599 (Ill. App. Ct. Mar. 23, 2007). Petitioner filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court, again arguing that his confession was the product of physical abuse. His PLA was denied. Order, People v. Scott, No. 105548 (Ill. Jan. 30, 2008).

Petitioner next filed a pro se postconviction petition under 725 Ill. Comp. Stat. 5/122-1, et seq., arguing in relevant part that his trial counsel was ineffective for failing to investigate and introduce two letters purportedly written to petitioner by Keith Bland, Jr. The trial court summarily dismissed the petition, finding that it was patently without merit. Order, People v. Scott, No. 01-CF-88 (Will Cty. Cir. Ct. Sept. 19, 2008).

Petitioner appealed the denial of his postconviction petition, again raising the ineffective assistance claim based on trial counsel's failure to investigate and introduce the letters, and the Illinois Appellate Court affirmed. Order, People v. Scott, No. 3-08-0799 (Ill. App. Ct. 2010). Petitioner filed a PLA, which respondent asserts the Illinois Supreme Court denied. (Respondent's exhibit purportedly reflecting the denial of petitioner's PLA on the first round of postconviction review is, in fact, a copy of the Illinois Supreme Court order denying petitioner's

PLA on direct review, dated January 30, 2008). Again, petitioner did not file a petition for a writ of certiorari to the United States Supreme Court.

On February 24, 2010, petitioner proceeded to file a second postconviction petition, which the trial court denied. Order, People v. Scott, No. 01 CF 88 (Will Cty. Cir. Ct. Mar. 4, 2010). Petitioner appealed, and his appointed counsel then filed a motion for leave to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987). The Appellate Court granted the Finley motion and affirmed the trial court's denial of petitioner's request to file a successive postconviction petition. Order, People v. Scott, No. 3-10-0242 (Ill. App. Ct. 2011). Petitioner did not file a PLA.

On May 23, 2011, petitioner filed the instant petition for a writ of habeas corpus, which raises five claims:

(1) trial counsel was ineffective for failing to investigate or introduce into evidence two letters allegedly written by Keith Bland, Jr., that stated that petitioner had not participated in the offense and that he had given a false confession;

(2) the Illinois Appellate Court misapplied state postconviction law when it rejected petitioner's actual innocence claim;

(3) the Illinois Appellate Court misapplied state postconviction law when it rejected petitioner's ineffective assistance of trial counsel claim;

(4) petitioner is actually innocent, as evidenced by the letters from Keith Bland, Jr.; and

(5) petitioner's confessions should have been suppressed because:
   (a) they were the product of physical coercion; and
   (b) he did not knowingly waive his Miranda rights.

## **DISCUSSION**

3

I.    **Claim One: Ineffective Assistance of Trial Counsel**

Petitioner alleges that trial counsel was ineffective for failing to investigate and introduce two letters that petitioner asserts were written by one of his codefendants, Keith Bland, Jr.,[3] which stated that petitioner did not participate in the offense and had given a false confession.[4] On postconviction review, the Illinois Appellate Court rejected that claim on the merits, finding that "the record show[ed], however, that both [petitioner's] trial attorney and the prosecutor acknowledged in open court that the trial attorney had investigated the letters," and "his attorney's decision . . . not to attempt to submit the letters in evidence[] was sound trial strategy." Order, People v. Scott, No. 3-08-0799, at p. 8 (Ill. App. Ct. 2010).

When a habeas petitioner advances an ineffective assistance claim that a state court has already decided on the merits, he is faced with "doubly deferential judicial review." Knowles v. Mirzayance, 556 U.S. 111, 129 (2009). This court may grant such a petition only if the petitioner shows both that his counsel was constitutionally ineffective under Strickland v. Washington, 466 U.S. 668 (1984), and that the state court applied Strickland unreasonably in

---

[3] "One of the letters was signed 'Keith Bland,' and the other letter was not signed. Neither letter was dated. Both letters had what appeared to be several dark fingerprints placed around the outer margins of the documents. [Petitioner] claimed that Bland had placed his fingerprints on the letters with pencil graphite for identification purposes." Order, People v. Scott, No. 3-08-0799, at p. 3 (Ill. App. Ct. 2010).

[4] As described by the Illinois Appellate Court, "the letters stated, among other things, that Bland and Lockhart were no longer planning to have [petitioner] and his grandmother killed because [petitioner] "took the weight" for Bland and Lockhart. The letters also asserted that [petitioner] had given a false confession to the police in order to save the other two codefendants' lives. One of the letters submitted that [petitioner] did not have anything to do with the 'murder that me and Ian did[.]' The other letter stated that [petitioner] did not know anything about the murder and 'I know your [sic] innocent.'" (third and fifth alterations in original). Order, People v. Scott, No. 3-08-0799, at pp. 3-4 (Ill. App. Ct. 2010).

4

deciding petitioner's ineffective assistance claim (or made an unreasonable factual determination) under the standards of 28 U.S.C. § 2254. Thus, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 785 (2011).

Here, because such an argument exists, and the Illinois Appellate Court did not "err[ ] so transparently that no fairminded jurist could agree with [its] decision," habeas relief is not warranted. Bobby v. Dixon, __ U.S. __, 132 S.Ct. 26, 27 (2011). To the contrary, the Appellate Court's rejection of petitioner's ineffective assistance claim was reasonable and substantiated by the record. The court first elucidated the proper Strickland standard, then found that, as mentioned above, the record showed that petitioner's trial counsel and the prosecution had acknowledged in open court that trial counsel had investigated the letters. Order, People v. Scott, No. 3-08-0799, at pp. 7-8 (Ill. App. Ct. 2010). This finding was based on the record, which showed that at a status hearing (prior to the suppression hearing), trial counsel told the court that she had "received some discovery that may be exculpatory," and requested a continuance based on the "need to do some further investigation regarding that." Id. at p. 2 (quoting the transcript of the December 5, 2011, status hearing). In the same hearing, the prosecutor stated: "Because of the nature of the information I received today, I think we need to probably look at [a continuance of the pretrial proceedings], because depending on how [Bland's attorney] deals with it and [petitioner's trial counsel], there may be some State request to do some testing. Apparently they have done the preliminary testing. There's an issue of

5

handwriting, issue of fingerprinting." Id. at pp. 2-3. (Although the record does not reflect that this discovery was the Bland letters, petitioner's postconviction petition asserted that it was.)

The state court's finding that, based on these statements, trial counsel had investigated the letters is presumed correct on habeas review. 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct."). To rebut this presumption, petitioner must present clear and convincing evidence. Id. Petitioner has not, however, presented any such evidence. This court therefore may not disturb the Illinois Appellate Court's determination that petitioner's trial counsel investigated the two letters purportedly authored by Bland. See Etherly v. Davis, 619 F.3d 654, 663 (7th Cir. 2010) ("The state court's factual findings are entitled to deference, unless objectively unreasonable in light of the evidence presented in the state-court proceeding.").

Next, the Appellate Court reasoned that, "as [petitioner] acknowledged in his [postconviction] petition, his attorney's decision not to call Bland as a witness, and not to attempt to submit the letters in evidence, was sound trial strategy.[5] The attorney told [petitioner] that she believed Bland would not admit having written the letters, which would have been detrimental to [petitioner's] case." Id. at p. 8. As respondent notes, this belief was logical: if Bland, whose case was severed after the December 2001 status hearing, had admitted to having written the letters, that testimony, along with the letters, could have been used by the prosecution in Bland's trial. See, e.g., People v. McCree, 852 N.E.2d 259, 266 (Ill. App. Ct. 2006) ("[A] defendant's out-of-court statements qualify as a party admission and, therefore, are an exception

---

[5] The petition stated that trial counsel had told petitioner that she believed that Keith Bland, Jr., "would not admit to writing the two letters . . . [a]nd it could damage petitioner['s] trial if he denied it." Order, People v. Scott, No. 3-08-0799, at p. 3 (Ill. App. Ct. 2010).

to the hearsay rule.") (citation omitted). And if it had been possible to determine that the letters were, in fact, written by Bland, then the prosecution would likely have came to that conclusion and introduced them at Bland's trial. See id. The fact that the prosecution did not offer into evidence the letters in Bland's trial indicates that petitioner's trial counsel was employing a sound trial strategy. See Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388, 1407 (2011) ("Strickland specifically commands that a court 'must indulge [the] strong presumption' that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'") (quoting Strickland, 466 U.S. at 689-90) (alteration in original); Richter, 131 S.Ct. at 790 ("Strickland . . . calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind."). Thus, the court reasonably concluded that petitioner's postconviction petition failed to state the gist of a Strickland claim and was therefore properly dismissed as patently meritless. Under the standards of § 2254, this court cannot disturb that finding.

## II. Claims Two, Three, and Four

Petitioners' second, third, and fourth claims are noncognizable on federal habeas review. The fourth claim—that petitioner is actually innocent—"is not cognizable as a freestanding claim" for habeas relief. Coleman v. Hardy, 628 F.3d 314, 318 (7th Cir. 2010); see Herrera v. Collins, 506 U.S. 390, 404 (1993) (explaining that "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred claim considered on the merits").

And because petitioner's second and third claims raise only state law issues, they are also noncognizable. Under 28 U.S.C. § 2254, federal courts may entertain habeas petitions "in behalf

7

of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Claims two and three are premised on petitioner's contention that the Illinois Appellate Court's summary dismissal of his postconviction petition was contrary to People v. Hodges, 912 N.E.2d 1204, 1208 (Ill. 2009), and the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 et seq., but whether that court "misapplied state law in determining if [petitioner had stated the gist of a constitutional claim] is plainly a question of state law." United States ex rel. Anderson v. Hardy, 779 F. Supp. 2d 816, 825 (N.D. Ill. 2011).

Therefore, claims two, three, and four cannot serve as bases for federal habeas relief.

## III.    Claim Five: Suppression of Petitioner's Confession

Finally, petitioner claims that the trial court erred in declining to suppress his confessions because, (a) the confessions were the product of physical coercion by Detectives Guilfoyle and Bradley, and (b) he did not knowingly waive his Miranda rights. The first portion of this claim, which the Illinois Appellate Court denied on the merits, fails because that court's decision was neither contrary to clearly established Supreme Court law nor based on an unreasonable factual determination, based on the evidence before the state court at the time of its decision. See Pinholster, 131 S.Ct. at 1400. It was not contrary to United States Supreme Court law because the Appellate Court applied the proper legal standard, stating that "[a] confession is voluntary if, considering the totality of the circumstances, the defendant's will was not overborne at the time of the confession." People v. Scott, No. 3-04-0599 (Ill. App. Ct. 2007). Although the Appellate

8

Court cited an Illinois opinion, People v. Traylor, 771 N.E.2d 629 (Ill. App. Ct. 2002), for that proposition, the standard elucidated in that and other Illinois cases, e.g., People v. Kincaid, 429 N.E.2d 508, 511 (Ill. 1981), is identical to the Supreme Court's standard, see Schneckloth v. Bustamonte, 412 U.S. 218, 225-26 (1973). Nor did the Illinois Appellate Court decide the case differently than the Supreme Court has done on materially indistinguishable facts. See Williams v. Taylor, 529 U.S. 362, 405 (2000).

Further, the Illinois Appellate Court's decision was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Relief under the "unreasonable application" clause of § 2254(d) is appropriate only if the state court correctly identifies the governing Supreme Court principle but unreasonably applies it to the facts of petitioner's case. Williams, 529 U.S. at 407. The Illinois Appellate Court's application of the legal standard to the facts was not unreasonable, which in this context means "something lying well outside the boundaries of permissible differences of opinion." McFowler v. Jaimet, 349 F.3d 436, 447 (7th Cir. 2003) (citing Williams, 529 U.S. at 411)). After assessing the trial court's determination that petitioner's assertions of coercion were undermined by the evidence, and reviewing that evidence, the Appellate Court found that the trial court's decision "was supported by the evidence." Order, People v. Scott, No. 3-04-0599, at p. 7 (Ill. App. Ct. 2007). Petitioner's claim that he had been beaten by Detectives Guilfoyle and Bradley was, as the courts explained, contradicted by those officers' testimony, which was (unlike petitioner's uncorroborated assertions) corroborated in four independent ways.

First, the testimony of another officer—Detective Martinez—contradicted petitioner's claims. Detective Martinez testified that he was "watching or nearby during the entire time that

9

Guilfoyle and Bradly interviewed" petitioner, yet neither saw heated exchanges nor observed yelling. He further testified that petitioner did not leave the interview room, which contradicted petitioner's statement that Detectives Guilfoyle and Bradley took him to a second room, where the beating allegedly occurred. Finally, Martinez testified that he did not observe any injuries on petitioner and that petitioner did not complain to him of any injuries.

Detectives Guilfoyle and Bradley's testimony was also corroborated by petitioner's videotaped confession, which was taken after the alleged beating occurred. The videotape revealed that petitioner's face had no signs of physical abuse, which was inconsistent with petitioner's testimony that Bradley struck him so hard that one of his teeth had broken in the beating shortly before the videotaped confession. Further, as the trial court observed, petitioner's "demeanor depicted in that taped confession confirms that demeanor described by [Detectives Guilfoyle and Bradley]," who described petitioner's "demeanor as solemn, upset, and crying based upon the nature of the crime having confessed to, but not due to intimidation or physical abuse by the deputies." Transcript of Suppression Hearing, People v. Scott, No. 01 CF 88, at p. 594 (Will Cty. Cir. Ct. Nov. 18, 2003). The trial court additionally observed that the tape showed "that [petitioner] is certainly tearful but cooperative and remorseful." Transcript of Suppression Hearing, People v. Scott, No. 01 CF 88, at p. 594 (Will Cty. Cir. Ct. Nov. 18, 2003).

Moreover, the trial court found that Nurse Copeland, the nurse who saw petitioner four days after the confession and alleged beating, "did not observe any injuries to his face or the inside of his mouth" and noted "that there were no outer markings of injury of his knee." Order, People v. Scott, No. 3-04-0599, at p. 7 (Ill. App. Ct. 2007). Although Nurse Copeland's notes reflected that petitioner told her he was beaten and had sustained injuries to his knee and tooth,

10

"she only recorded [petitioner's] subjective account of his injuries"—and her notes did not mention any injuries that substantiated petitioner's claims. Id.

Fourth and finally, the trial court found that Dr. Hirsch, who examined petitioner a day later (five days after petitioner's allegedly coerced confession) "noted only a contusion on [petitioner's] knee, which could have occurred anytime between January 12, when [petitioner] was interviewed by Guilfoyle and Bradley, and when [petitioner] was examined on January 17." Id.

Based on all of this evidence, the Illinois Appellate Court found that the trial court's decision that petitioner's confession was voluntary and without unlawful coercion was not against the manifest weight of the evidence. Id. at pp. 7-8. In the view of the Illinois Appellate Court, the lack of any evidence corroborating petitioner's allegations of abuse, combined with the evidence substantiating the officers' contrary testimony, gave the trial court substantial reason to discredit petitioner's testimony.

Although there was some evidence to the contrary—that is, petitioner's testimony—that does not render the Illinois Appellate Court's decision unreasonable. On habeas review, the state court's application of Supreme Court law is reasonable so long as it is "minimally consistent with the facts and circumstances of the case." Schaff v. Snyder, 190 F.3d 513, 523 (7th Cir. 1999); see also Simpson v. Battaglia, 458 F.3d 585, 592 (7th Cir. 2006). The state court decision more than met this standard.

Petitioner's final argument (the latter half of claim five) is that he did not voluntarily waive his Miranda rights. Respondent argues that this claim is procedurally defaulted because, although petitioner raised it in a suppression motion, he did not renew it on direct appeal. He

then attempted to raise it again in a successive postconviction petition, but the state trial court denied him leave to file that petition. See Order Denying Leave to File Successive Postconviction Petition, People v. Scott, No. 01-CF-88 (Will Cty. Cir. Ct. March 4, 2010). Petitioner appealed, and the Appellate Court affirmed that judgment and granted counsel's motion to withdraw pursuant to Finley, 481 U.S. 551. See Order, People v. Scott, No. 3-10-0242 (Ill. App. Ct. 2011). Petitioner did not, however, file a PLA to the Illinois Supreme Court, thus defaulting this claim. See Hayes v. Battaglia, 403 F.3d 935, 937 (7th Cir. 2005).

Petitioner's default cannot be excused by the "fundamental miscarriage of justice" exception. To obtain such relief, petitioner "must show that 'in light of new evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt.'" Coleman v. Hardy, 628 F.3d 314, 319 (7th Cir. 2010) (quoting House v. Bell, 547 U.S. 518, 537 (2006)). Petitioner points to the letters allegedly written by Keith Bland, Jr., as evidence of his innocence, but the existence of these letters does not make it more likely than not that no reasonable juror could have found petitioner guilty. See House, 547 U.S. at 538. First, because there was no evidence of the letters' authenticity, petitioner cannot show that there was any probability that the letters would have been admitted at petitioner's trial. And even if the letters had been admitted, there was still overwhelming evidence of petitioner's guilt: his detailed confessions, corroborated by other witnesses' testimony and by a variety of physical evidence.

Petitioner also claims that his failure to raise his Miranda claim through a complete round of state-court review should be excused by his appointed appellate counsel's failure to "renew or raise" the claim. But to raise ineffective assistance of counsel as the "cause" for his failure to exhaust the Miranda claim, see Murray v. Carrier, 477 U.S. 478, 488-49 (1986) (acknowledging

12

that counsel's constitutional ineffectiveness in failing to preserve a claim may in certain circumstances constitute "cause" to excuse a procedural default), that ineffective assistance claim must itself have been properly exhausted. Edwards v. Carpenter, 529 U.S. 446, 452-53 (2000). Petitioner did not raise through a complete round of state-court review a claim that his appellate counsel was ineffective for failing to exhaust his claim that he did not voluntarily waive his Miranda rights. Petitioner raised certain ineffective assistance of appellate counsel claims in his postconviction petition, although he did not mention his appellate counsel's failure to raise the Miranda argument as one of those claims. Further, petitioner did not renew any of his ineffective assistance of appellate counsel claims in his appeal from the denial of his (first) postconviction petition, or in his PLA in that round. He therefore failed to exhaust the ineffective assistance of appellate counsel claim that he now offers as a cause for his failure to exhaust his Miranda claim. As a result—even if petitioner were able to establish resulting prejudice—the court cannot rely on his appellate counsel's ineffectiveness as a basis to establish cause for this procedural default.

Regardless, even if petitioner had established that his default should be excused, the claim that his confession should have been suppressed because he did not voluntarily waive his Miranda rights would nonetheless fail on the merits. The trial court considered and rejected petitioner's Miranda claim after hearing conflicting testimony at the suppression hearing-. Guilfoyle and Bradley both testified that petitioner was given Miranda warnings and agreed to waive them. Petitioner testified that they had not given him verbal Miranda warnings and forced him to sign the written waiver without first allowing him to read it. The trial court then rejected petitioner's Miranda claim, explaining that its decision was based on "weighing the credibility of

13

witnesses and testimony heard." Transcript of Suppression Hearing, People v. Scott, No. 01 CF 88, at p. 590 (Will Cty. Cir. Ct. Nov. 18, 2003). Absent clear and convincing evidence that the trial court acted unreasonably, this court presumes that this credibility determination was correct. See 28 U.S.C. § 2254(e)(2); Johnson v. Hulett, 574 F.3d 428, 429 n.1 (7th Cir. 2009) ("The resolution of a factual issue that involves the state trial court's evaluation of the credibility and demeanor of witnesses is one that is accorded particular deference.").

IV.     **Certificate of Appealability**

A habeas petitioner is entitled to a certificate of appealability only if he has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Evans v. Circuit Court of Cook County, Ill., 569 F.3d 665, 667 (7th Cir. 2009). To make that showing, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the court has denied a habeas petition on procedural grounds without reaching the petition's underlying constitutional claims—as is the case here—a petitioner must also show that jurists could debate whether the court's procedural ruling was correct. Id. at 484-85.

Petitioner has not shown, nor would he be able to show, that reasonable jurists could debate that this court should have resolved the issues raised in his petition in a different manner. When the Illinois Appellate Court ruled on petitioner's ineffective assistance claim, Justice McDade did, as respondent acknowledges, dissent from the portion of the decision affirming the trial court's dismissal of the petition. But this separate opinion does not reflect a disagreement

14

"on the merits of the constitutional question," which would suggest that a certificate of appealability should issue. Jones v. Basinger, 635 F.3d 1030, 1040 (7th Cir. 2011). Rather, it reflects a debate over the rigor with which the Appellate Court should apply its first-stage "gist of a constitutional claim" review.

The thrust of Justice McDade's opinion was that petitioner had "met the exceedingly low threshold of stating the gist of a constitutional claim," which would preclude dismissing the petition at the first stage of postconviction review and would allow petitioner to have counsel appointed to present his claims more competently to the Appellate Court. See People v. Harris, 862 N.E.2d 960 (Ill. 2007). Under the first-stage standard, a petition may be dismissed only if it contains no arguable factual or legal basis. People v. Hodges, 912 N.E.2d 1204, 1209 (Ill. 2009). Applying this standard to the record in petitioner's case, Justice McDade found that the statements regarding trial counsel's investigation of the letters were insufficient to show that trial counsel had actually performed an adequate investigation, particularly considering petitioner's allegation that trial counsel told him "that she would not be bring[ing] up the two letters that she had no intention of investigating." Order, People v. Scott, No. 3-08-0799, at p. 2 (Ill. App. Ct. 2010) (McDade, J., concurring in part and dissenting in part). But as Justice McDade noted, even if the case proceeded to the second stage of postconviction review, there was no "assurance that [petitioner] would prevail, only that he would be heard . . . ." Id. at p. 3. Thus, this dispute does not indicate any disagreement on the merits of petitioner's ineffective assistance claim.

The court therefore declines to issue a certificate of appealability on any of the claims raised in the instant petition.

15

### V. Motion to Appoint Counsel

On May 23, 2011, petitioner filed a motion for appointment of counsel [Dkt. 4], which this court denied as premature on July 19, 2011, noting that counsel is "traditionally appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if the interests of justice require. See Rule 8(c), Rules Governing Section 2254 Cases. This Court must first consider the response to the habeas corpus petition before determining whether counsel is necessary." [Dkt. 13.] Having considered the response and determined that no evidentiary hearing is necessary, and that the interests of justice do not necessitate appointed counsel, see 18 U.S.C. § 3006A(a)(2)(B), petitioner's motion is denied.

### VI. Motion to Subpoena Documents and Appoint Counsel

On January 31, 2012, petitioner filed a motion to subpoena the Will County Courthouse Clerk to provide him with files and documents, including transcripts of all testimony and videotaped statements made by every suspect and witness in his case and "discovery and common law records." (In this motion, petitioner also renewed his motion for appointment of counsel.) Because petitioner has not, however, indicated that any such documents would assist him in litigating the instant petition, and the court has concluded that the petition is without merit, this motion is denied.

### CONCLUSION

Thus, for the reasons discussed above, petitioner's motion for appointment of counsel [Dkt. 4], his motion to subpoena documents [Dkt. 31], and his petition for a writ of habeas corpus [Dkt. 1] are denied. The court declines to issue a certificate of appealability.

ENTER: August 2, 2012

_____
**Robert W. Gettleman
United States District Judge**